## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JO ANN MAINOR and | § | |
| EDMOND OSUJI, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3464 |
| | § | |
| DEUTSCHE BANK TRUST | § | |
| COMPANY AMERICAS and | § | |
| AMERICA'S MONEY LINE, INC., | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on the Motion to Dismiss [Doc. # 5] filed by

Defendant Deutsche Bank Trust Company Americas, as Trustee for Saxon Asset

Securities Trust 2003-3, Mortgage Loan Asset Backed Certificates, Series 2003-3

("Deutsche Bank").[1]  Deutsche Bank filed its Motion to Dismiss on November 29,

2013.  Pursuant to the Court's Local Rules, any opposition to the Motion to Dismiss

was due within twenty-one days.  *See* S.D. TEX. R. 7.3, 7.4.  Furthermore, on

December 2, 2013, the Court issued an Order stating that any opposition to Deutsche

Bank's Motion to Dismiss should be filed by December 23, 2013, and cautioning

---

[1]Deutsche Bank Trust Company Americas, as Trustee for Saxon Asset Securities Trust 2003-3, Mortgage Loan Asset Backed Certificates, Series 2003-3 was incorrectly named in Plaintiffs' Complaint as "Deutsche Bank Trust Company Americas."  *See* Motion to Dismiss, at 1 n.1.

Plaintiff that failure to respond by that extended deadline would result in the Motion to Dismiss being granted.  Plaintiffs Jo Ann Mainor ("Mainor") and Edmond Osuji ("Osuji," and together with Mainor, "Plaintiffs") failed either to respond by the December 23, 2013, deadline or to request an extension of time to respond.  Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4.  Having reviewed the full record and applicable legal authorities, and absent any opposition from Plaintiff, the Court **grants** the Motion to Dismiss.

## I.     BACKGROUND

Plaintiffs filed this lawsuit in the 113th Judicial District of Harris County, Texas, on October 14, 2013.[2]  Plaintiffs together own a home located at 12823 Kittybrook Lane, Houston, Texas, 77071 (the "Property").  Plaintiffs' Original Petition [Doc. # 1-1] ("Complaint"), ¶ 1.  On July 25, 2003, Plaintiffs obtained a home equity loan from Defendant America's Moneyline, Inc. ("America's Moneyline," and together with Deutsche Bank, "Defendants") in the amount of $96,801.06 (the "Loan").  *Id.*, ¶ 9.  To obtain that loan, Plaintiffs contacted and hired a Texas-based mortgage broker, to whom they paid an "origination fee" of $3,000.  *Id.*, ¶¶ 9-12.

---

[2]Plaintiff Osuji is a lawyer.  *See* Plaintiffs' Original Petition [Doc. # 1-1] ("Complaint"), at 16 (signature page).  Osuji is both a *pro se* plaintiff in this case and counsel to Mainor.

Plaintiffs assert that Defendant Deutsche Bank does not have standing to foreclose on the Note and Deed of Trust executed with the Loan.  *Id.*, ¶¶ 17-20. Plaintiffs thus seek a declaratory judgment that (1) Deutsche Bank cannot foreclose and (2) to determine who "is the Current Holder of the Note" and what amount is owed on the Note.  Plaintiffs request the Court abate and dismiss the foreclosure proceedings pending before the 295th Judicial District of Harris County, Texas.  *Id.*, ¶¶ 23-35.[3]  Furthermore, Plaintiffs assert claims of fraud, common law fraud, statutory fraud, fraud by misrepresentation, negligent misrepresentation, breach of contract, and breach of fiduciary duty against both Defendants.  *Id.*, ¶¶ 36-51.[4]

Deutsche Bank removed this case to federal court on November 22, 2013.  *See* Notice of Removal [Doc. # 1].  Deutsche Bank has moved to dismiss.  This Motion to Dismiss, to which no opposition has been filed, is ripe for decision.

Deutsche Bank states that neither Defendant sued here has been served.  *See* Notice of Removal [Doc. # 1], ¶ 4.  Nevertheless, Deutsche Bank, through removal

---

[3]Plaintiffs' request, it should be noted, was made in a petition filed in Texas state court.  Plaintiffs have not amended their pleadings since removal of the case to this Court.

[4]Plaintiffs' Complaint appears to include claims against the mortgage broker with whom they worked in 2003.  *See* Complaint, ¶¶ 42-46, 48, 51.  The mortgage broker, however, has not been named as a defendant in this lawsuit.  Plaintiffs also appear to assert a claim of "undue influence" against Defendants.  *See* Complaint, ¶ 36.  Undue influence, however, is not an independent claim, but rather a possible basis for rescission of a contract. Accordingly, the Court construes Plaintiffs' "undue influence" claim as part of their breach of contract claim.

of the action and filing of this Motion to Dismiss, has appeared in this action.

## II.   **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   **ANALYSIS**

### A.   **Declaratory Judgment**

Plaintiffs first allege that Deutsche Bank is not the holder of the Note and thus does not have standing to foreclose.  Complaint, ¶ 34.  More specifically, Plaintiffs allege that they signed the Note payable to America's Moneyline, not Deutsche Bank, and that "[w]ithout proper indorsement, the transferee is not a holder and is not aided by any presumption that he is entitled to enforce the instrument."  *Id.*, ¶¶ 29-32.  Plaintiffs assert that Deutsche Bank has not provided "proof of ownership of the Note and/or Deed of Trust" and seek a declaratory judgment that Deutsche Bank cannot foreclose.  *Id.*, ¶ 27, 34.

Plaintiffs, in effect, argue that Deutsche Bank cannot foreclose because it has not properly presented evidence that it holds the Note.  The Fifth Circuit has recently held that the "show-me-the-note" theory—the theory that, in order to foreclose, a party "must produce the original note bearing a wet ink signature"—is inapplicable under Texas law.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013).  Indeed, the Fifth Circuit stated explicitly that "[t]he original, signed note need not be produced in order to foreclose."  *Id.* at 254.

Furthermore, under Texas law, notes may either be transferred or negotiated.  Transfer is the delivery of an instrument "by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."  TEX. BUS. & COM. CODE § 3.203(a).  After transfer, the transferee has the right "to

enforce the instrument, including any right as a holder in due course," *id.*, § 3.203(b).

Negotiation is the "transfer of possession, whether voluntary or involuntary, of an

instrument by a person other than the issuer to a person who thereby becomes the

holder." *Id.*, § 3.201(a).  When an instrument is "payable to bearer," it is "negotiated

by transfer of possession alone."  *Id.*, § 3.201(b).

Here, Deutsche Bank has produced a copy of the Note that Plaintiffs signed,

which was indorsed by America's Moneyline to Saxon Mortgage, Inc., and thereafter

indorsed in blank by Saxon Mortgage, Inc.  *See* Home Equity Foreclosure Application

and Attachments [Doc. # 5-1], at ECF-numbered page 12.  Deutsche Bank has also

produced a "Transfer of Lien," dated June 21, 2010, in which America's Moneyline

assigned all of its interests in the Property, including "all notes and obligations," to

Deutsche Bank.  *See id.*, at ECF-numbered page 24.[5]  Deutsche Bank has shown that

it properly possesses the Note with the right to enforce it.  Accordingly, Plaintiffs'

requests for a declaratory judgment or injunctive relief preventing foreclosure on the

basis of Deutsche Bank's lack of legal interest in the Note are dismissed.[6]

---

[5]An identical transfer of lien regarding the Property seems to have been signed on March 6, 2013.  *See* Home Equity Foreclosure Application and Attachments [Doc. # 5-1], at ECF-numbered page 26-27.

[6]Aside from the above, the Court notes that it is without authority to grant Plaintiffs' request to abate and dismiss a pending case in Texas state court in which Deutsche Bank has applied for foreclosure.  *See generally Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (applying *Younger* abstention to civil claim between two private parties and reversing lower

### B.    Plaintiff's Fraud and Misrepresentation Claims

Plaintiffs also assert claims of fraud, common law fraud, statutory fraud, fraud by misrepresentation, and negligent misrepresentation against Defendants.  Plaintiffs claim that "[t]he original lender worked in concert with the broker and loan officer . . . [to] defraud Plaintiffs."  Complaint, ¶ 36.  Furthermore, Plaintiffs allege that the broker and lender made "material false representations" and "concealed or failed to disclose material facts" to Plaintiffs.  *Id.*, ¶¶ 43-44.  Specifically, Plaintiffs allege that the broker with whom they worked promised that he would "shop around for the best rate" but that, in reality and without Plaintiffs' knowledge, the broker did not secure them the "best rate" because he was incentivized to procure a higher rate in exchange for a higher "kickback."  *Id.*, ¶¶ 46-48.  Plaintiffs state that Deutsche Bank, a later assignee of the Note, is liable for this fraud and misrepresentation because it cannot prove that it has "holder in due course" status.  *Id.*, ¶ 49.

Even if the putative fraud and misrepresentation claims were properly pleaded, which they are not, *see* FED. R. CIV. P. 9(b),[7] these claims are barred by the applicable

---

courts' injunction of state court proceedings because of State's interest in "enforcing the orders and judgments of their courts").

[7]Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  In particular, the pleadings should "specify the statements contended to be

statutes of limitations.  Under Texas law, a four-year statute of limitations applies to fraud claims.  *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4).  Negligent misrepresentation claims under Texas law are governed by a two-year limitations period. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998).  All of Plaintiffs' claims accrued in 2003, when the alleged statements underlying their loan were made.  Thus, the longest applicable limitations period expired in 2007.

Plaintiffs allege the "discovery rule" applies to these claims.  The discovery rule allows tolling of the limitations period until a plaintiff discovers or reasonably should have discovered the injuries.  Plaintiffs have not alleged any facts regarding why their injuries were undiscoverable.  Indeed, the putative facts underlying Plaintiffs' fraud and misrepresentation theories (*i.e.*, that they were not given the promised lowest rate) appear to have been ascertainable at the time the loan closed.  Thus, Plaintiffs'

---

fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." (internal quotation marks and citation omitted)).  Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred.  *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).  Plaintiffs have not met this heightened pleading requirement.  While Plaintiffs' allegations suggest that the "broker" and "original lender" committed fraud, Plaintiffs have not identified any particular statements they allege to be fraudulent, let alone who made them, or when and where those statements were made.  Accordingly, Plaintiffs' claims sounding in fraud must be dismissed.

conclusory allegations seem unfounded, and the Complaint in this regard is not likely susceptible to amendment.   Plaintiffs' bald assertions in the Complaint that their injuries were "inherently undiscoverable" and that Defendants "fraudulently concealed their wrongful acts," Complaint, ¶¶ 53-54, are mere parroting of the legal test for fraudulent concealment and are insufficient to withstand the Motion to Dismiss.   Accordingly, Plaintiffs fraud and negligent misrepresentation claims are barred by the applicable statutes of limitations.

### C.    **Plaintiffs' Breach of Contract and Breach of Fiduciary Duty Claims**

Finally, Plaintiffs state, in the section of their Complaint entitled "Alternative Causes of Action," that they also allege breach of contract and breach of fiduciary duty claims against Defendants.   In the rest of that section, however, Plaintiffs do not provide any facts to support these claims.   For instance, Plaintiffs do not provide any details as to what contract they allege was breached.   Nor do they explain what fiduciary duties they were owed and who owed them.   Indeed, the only mention of a "contract" in Plaintiffs' Complaint is with regard to Plaintiffs' fraud claim, *i.e.*, that "[a] party defrauded in a contract" may, among other things, rescind the contract. Complaint, ¶ 50.  Because Plaintiffs have supplied no facts to support either a breach of contract claim or a breach of fiduciary duty claim, these claims will be dismissed.

### D.    **Claims Against America's Moneyline**

America's Moneyline, Plaintiffs' lender, has not yet appeared.  Because the reasoning in this Memorandum and Order applies equally to all named Defendants, the Court grants dismissal of Plaintiffs' claims as to both Deutsche Bank and America's Moneyline. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations omitted)) (recognizing that when one defending party establishes that the plaintiff has no cause of action, the defense generally inures also to the benefit of other similarly situated defendants).

## V.    <u>CONCLUSION</u>

Plaintiffs, who have filed no opposition to Deutsche Bank's Motion to Dismiss, has failed to state a claim upon which relief can be granted.  Accordingly, it is hereby

**ORDERED** that Defendant Deutsche Bank's Motion to Dismiss [Doc. # 5] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs are granted leave to file an Amended Complaint on or before **January 17, 2014**.  If Plaintiffs fail to amend their pleading by that date, the Court will dismiss their claims with prejudice.  It is further

**ORDERED** that Plaintiffs and counsel may not plead a claim for which Plaintiffs have no good faith factual and legal basis.  *See* FED. R. CIV. P. 11(b); 28

U.S.C. § 1927.  It is further

ORDERED that on or before **January 17, 2014**, Defendant Deutsche Bank

shall **SHOW CAUSE** why its counterclaim against Plaintiffs should not be dismissed

as moot.

SIGNED at Houston, Texas, this **7th** day of **January, 2014**.

Nancy F. Atlas
United States District Judge